USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/5/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
RUBEN PIZZARO,                                                 :
                                                               :
                              Plaintiff,                       :    1:21-cv-1149-GHW
                                                               :
            -v -                                               :    1:16-cr-54-GHW
                                                               :
UNITED STATES OF AMERICA,                                      :    ORDER
                                                               :
                              Defendant.                       :
                                                               :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On May 26, 2021, this Court entered an order denying Ruben Pizzaro's motion for the appointment of counsel pursuant to 18 U.S.C. § 3006A.  Case No. 16-cr-54 Dkt. No. 187.  And on March 3, 2023, this Court entered a memorandum opinion and order denying Mr. Pizzaro's collateral challenge, under 28 U.S.C. § 2255, to his conviction and sentence for a series of crimes including murder.  Case No. 21-cv-1149 Dkt. No. 5.  On April 4, 2023, Mr. Pizzaro filed a motion to reconsider or amend those orders pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(6).  *Id.* Dkt. No. 7.  For the reasons explained below, that motion is DENIED.

"Motions for reconsideration" under Rule 59(e) are "committed to the sound discretion of the district court."  *Immigrant Def. Project v. U.S. Immigr. and Customs Enf't*, No. 14-cv-6117, 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases).  "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly."  *Ortega v. Mutt*, No. 14-cv-9703, 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (internal quotation omitted).  As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2015) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)).  Accordingly, "[t]he Second

Circuit has stated that '[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied.'" *Mahmud v. Kaufmann*, 496 F. Supp. 2d 266, 270 (S.D.N.Y. 2007) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (alterations in *Mahmud*).

Similarly, a "party seeking vacatur under Rule 60(b), whether proceeding *pro se* or not, 'must present highly convincing evidence, show good cause for the failure to act sooner, and show that no undue hardship [would] be imposed on other parties.'" *Thompson v. Booth*, No. 16-cv-3477, 2022 WL 1501041, at *2 (S.D.N.Y. May 12, 2022) (quoting *Axar Master Fund, Ltd. v. Bedford*, 805 F. App'x 35, 40 (2d Cir. 2020)); *see also Ins. Co. of N. Am. V. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) ("Relief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances" (internal citation omitted)). "Even then," moreover, the decision whether to grant the requested relief is "a matter for the district court's sound discretion." *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996); *see Matarese v. LeFevre*, 801 F.2d 98, 106–07 (2d Cir. 1986) (reviewing Rule 60(b)(6) decisions for abuse of discretion only).

Here, Mr. Pizzaro admits in his motion that he cannot provide any new evidence, change in controlling law, or clear error in the Court's prior decisions that could justify the extraordinary relief that Rules 59(e) and 60(b)(6) represent. *See* Case No. 21-cv-1149 Dkt. No. 7 at 3 (stating that while he believes a "manifest injustice has occurred," he cannot "point to substantially persuasive matters or controlling case law that the court has overlooked or wrongly applied, nor can he sufficiently demonstrate clear error effectively"). As a result, the applicable legal standards for those rules preclude the relief that Mr. Pizzaro seeks.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Mr. Pizzaro has not made a substantial showing of the denial of a constitutional right, so the Court denies a certificate of appealability under

28 U.S.C. § 2253.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 7 of the 21-cv-1149 case.

SO ORDERED.

Dated: April 5, 2023
      New York, New York

                                                  GREGORY H. WOODS
                                               United States District Judge